# EXHIBIT B

# Complaint to Trans Union, LLC

STATE OF MICHIGAN
IN THE 48th DISTRICT COURT

MELISSA BURRIS,
    Plaintiff,

v.

TRANS UNION, LLC,
a Delaware limited liability company, and
ALLY FINANCIAL, INC.,
a Delaware company,
    Defendants.
_____/

GARY D. NITZKIN (P41155)
TRAVIS SHACKELFORD (P68710)
CREDIT REPAIR LAWYERS OF AMERICA
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
Phone (248) 353-2882
Fax (248) 353-4840
Email – gary@crlam.com
_____/

## COMPLAINT AND JURY DEMAND

**NOW COMES THE PLAINTIFF, MELISSA BURRIS, THROUGH COUNSEL, CREDIT REPAIR LAWYERS OF AMERICA, BY GARY D. NITZKIN,** and for her Complaint against the Defendants, plead as follows:

### VENUE

1. The transactions and occurrences which give rise to this action occurred in Birmingham, Oakland County, Michigan.

RECEIVED
JUL 1 0 2017
48TH DISTRICT COURT

2. Venue is proper in 48th District Court in Oakland County, Michigan as the actions and occurrences recited herein occurred in the city of Birmingham, in Oakland County, Michigan.

3. The amount in controversy is less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## PARTIES

4. Plaintiff is a natural person residing in Birmingham, Oakland County, Michigan.

5. The Defendants to this lawsuit are:

    a. Trans Union, LLC ("Trans Union") which is a Delaware limited liability company that maintains a registered agent in Ingham County, Michigan; and

    b. Ally Financial, Inc. ("Ally") which is a Delaware corporation that maintains a registered agent in Wayne County, Michigan.

## GENERAL ALLEGATIONS

6. Ally Financial is reporting its trade line with an incorrect last payment date of January 13, 2012 ("Errant Trade Line").

7. This is false as Plaintiff last made a payment on the account in November 2010.

8. Several years ago, Ms. Burris co-signed an automobile loan for her brother.

9. Ms. Burris' brother later passed away and she returned the vehicle in October 2010.

10. In January 2017, Ms. Burris obtained her credit files and noticed the Errant Trade Line reporting with an incorrect last payment date.

11. On or about March 23, 2017, Ms. Burris obtained her credit files and noticed that Ally continued to report the Errant Trade Line with false late payment remarks in December 2010 and January 2011.

12. On or about April 11, 2017, Ms. Burris, submitted a letter to Trans Union disputing the Errant Trade Line. Ms. Burris explained that the last time she made a payment on the account was in November 2010 and attached the payment history from Ally confirming the same. She asked Trans Union to remove the false payments in December 2010 and January 2011 and report the correct last payment date of November 2010.

13. Upon information and belief, Trans Union forwarded Ms. Burris' consumer dispute to Ally.

14. Ms. Burris did not receive investigation results from Trans Union.

15. On or about May 17, 2017, Ms. Burris obtained her Trans Union credit file, which showed that the false late payments for December 2010 and January

2011 were removed from her credit file. However, the false last payment date of January 13, 2012 remained.

16. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., Plaintiff has suffered credit and emotional damages. Due to the Defendants' failure to correct the errors in her credit file, Plaintiff has been forced to refrain from applying for new credit or more favorable terms on existing credit lines. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in her credit file or improve her financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY ALLY

17. Plaintiff realleges the above paragraphs as if recited verbatim.

18. After being informed by Trans Union of Ms. Burris' consumer dispute to the Errant Trade Line, Ally negligently failed to conduct a proper investigation of Ms. Burris' dispute as required by 15 USC 1681s-2(b).

19. Ally negligently failed to review all relevant information available to it and provided by Trans Union in conducting its reinvestigation as required by 15

USC 1681s-2(b). Specifically, it failed to direct Trans Union to remove incorrect last payment date from Ms. Burris' credit file.

20. The Errant Trade Line is inaccurate and creating a misleading impression on Ms. Burris' consumer credit file with Trans Union to which it is reporting such trade line.

21. As a direct and proximate cause of Ally's negligent failure to perform its duties under the FCRA, Ms. Burris has suffered damages, mental anguish, suffering, humiliation and embarrassment.

22. Ally is liable to Ms. Burris by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

23. Ms. Burris has a private right of action to assert claims against Ally arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Ally for damages, costs, interest and attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY ALLY

24. Plaintiff realleges the above paragraphs as if recited verbatim.

5

25. After being informed by Trans Union that Ms. Burris disputed the accuracy of the information it was providing, Ally willfully failed to conduct a proper reinvestigation of Ms. Burris' dispute.

26. Ally willfully failed to review all relevant information available to it and provided by Trans Union as required by 15 USC 1681s-2(b).

27. As a direct and proximate cause of Ally's willful failure to perform its respective duties under the FCRA, Ms. Burris has suffered damages, mental anguish, suffering, humiliation and embarrassment.

28. Ally is liable to Ms. Burris for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Ally for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## COUNT III

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

29. Plaintiff realleges the above paragraphs as if recited verbatim.

30. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Ms. Burris as that term is defined in 15 USC 1681a.

31. Such reports contained information about Ms. Burris that was false, misleading and inaccurate.

32. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Ms. Burris, in violation of 15 USC 1681e(b).

33. After receiving Ms. Burris's consumer dispute to the Errant Trade Line, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

34. Trans Union negligently failed to provide Plaintiff with the results of its reinvestigation before the end of the 30-day period beginning on the date on which Trans Union received the notice of dispute from Plaintiff as required by 15 U.S.C. 1681i.

7



RECEIVED JUL 10 2017 48TH DISTRICT COURT

35. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Ms. Burris has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

36. Trans Union is liable to Ms. Burris by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Trans Union for actual damages, costs, interest and attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## COUNT IV

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

37. Plaintiff realleges the above paragraphs as if recited verbatim.

38. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Ms. Burris as that term is defined in 15 USC 1681a.

39. Such reports contained information about Ms. Burris that was false, misleading and inaccurate.

8

40. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Ms. Burris, in violation of 15 USC 1681e(b).

41. After receiving Ms. Burris' consumer dispute to the Errant Trade Line, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

42. Trans Union willfully failed to provide Plaintiff with the results of its reinvestigation before the end of the 30-day period beginning on the date on which Trans Union received the notice of dispute from Plaintiff as required by 15 U.S.C. 1681i.

43. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Ms. Burris has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

44. Trans Union is liable to Ms. Burris by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest and reasonable attorneys' fees in the

9

amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

Respectfully submitted,

Dated: July 7, 2017

*Gary D. Nitzkin w/permission*
GARY D. NITZKIN (P41155)
TRAVIS SHACKELFORD (P68710)
CREDIT REPAIR LAWYERS OF AMERICA
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@crlam.com



RECEIVED JUL 1 0 2017 48TH DISTRICT COURT

10